IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TRACIE KING,<br><br>　　Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP dba VERIZON WIRELESS,<br><br>　　Defendant. | MEMORANDUM DECISION AND ORDER AFFIRMING IN PART AND OVERRULING IN PART OBJECTION TO MAGISTRATE ORDER<br><br>Case No. 2:20-cv-00775-JNP-JCB<br><br>District Judge Jill N. Parrish |

Before the court is plaintiff Tracie King's objection to the magistrate judge's order denying two discovery motions filed by King and granting a motion for a protective order filed by defendant Cellco Partnership dba Verizon Wireless (Verizon). ECF No. 116. The court AFFIRMS IN PART and OVERRULES IN PART King's objection.

## BACKGROUND

Verizon fired King from her position as a supervisor in one of its call centers. She sued Verizon for racial discrimination under Title VII. On January 14, 2021, the magistrate judge assigned to this case entered the initial scheduling order. A subsequent scheduling order set the close of fact discovery for February 28, 2022.

On March 17, 2021, King served her first set of written discovery requests. In Request for Production (RFP) No. 13, King asked Verizon to produce discipline records for each Salt Lake City call center employee disciplined for the same reasons that Verizon proffered for her termination. On May 7, 2021, Verizon objected to RFP No. 13 on the grounds that the request was

overly broad, unduly burdensome, and sought irrelevant information. King never moved to compel Verizon to respond to RFP No. 13 during the discovery period.

On January 25, 2022, King served a notice of deposition of the Verizon corporate entity pursuant to Rule 30(b)(6) of Federal Rules of Civil Procedure. On January 27, 2022, King served an amended notice. Finally, King served a second amended notice on February 1, 2022. On February 4, 2022, Verizon filed a motion for a protective order, arguing that all of the notices of deposition were untimely under this court's local rules. The magistrate judge agreed with Verizon and granted its motion for a protective order. King filed an objection to this ruling, which this court overruled.

On January 31, 2022, King served her third set of written discovery requests. Several of her requests were for documents and information regarding Verizon's discipline of other employees for rules violations. Specifically, Interrogatory No. 23 asked Verizon to identify all employees managed by King's supervisor "from 2014-2018, including each employee's race, dates during which the employees reported to [King's supervisor], and any discipline the employee received from 2014-2018." RFP No. 24 asked Verizon to "provide all discipline documents for individuals listed in Verizon's response to Interrogatory No. 23." Finally, in RFP No. 25 King asked Verizon to "provide all discipline documents received by employees [Brown] and [Berg]."

On February 28, 2022, the final day to conduct discovery, Verizon responded to these written discovery requests. Verizon objected to Interrogatory No. 23 on the grounds that the request was overly broad, unduly burdensome, and sought irrelevant information. But it provided a partial response to the interrogatory by listing the names of 12 individuals that reported to King's supervisor during the same period of time that she reported to him. Verizon also objected to RFP No. 24 and RFP No. 25 on the grounds that these requests were overly broad, unduly burdensome,

2

and sought irrelevant information. Pursuant to these objections, Verizon declined to provide any responsive documents.

On April 11, 2022, after the close of discovery, King notified Verizon of its intent to subpoena documents from the third-party administrator for Verizon employee's leave requests. Verizon filed a motion to quash the subpoena. On April 14, 2022, King moved to reopen discovery to permit her to depose the human resources manager for the call center where she worked. On April 15, 2022, Verizon filed its motion for summary judgment. On May 6, 2022, King filed an omnibus discovery motion. King requested an order compelling Verizon to respond to Interrogatory No. 23 and RFP Nos. 13, 24, and 25. King also moved to reopen discovery to allow the depositions of (1) the human resources associate director of the call center where King worked and (2) a corporate representative for Verizon. Finally, King moved to reopen discovery to subpoena documents from Verizon's third-party leave administrator.

The magistrate judge denied both of King's motions requesting additional discovery and granted Verizon's motion to quash the subpoena for documents from the third-party administrator. He based his ruling on two principal rationales. First, he concluded that Interrogatory No. 23 and RFP Nos. 24 and 25 were not relevant to King's discrimination claims. Second, he found that the motion to compel a response to RFP No. 13, the motions to depose three additional witnesses, and the motion to subpoena documents from the third-party administrator were untimely. King objected to the order denying its discovery motions and granting Verizon's motion to quash.

## LEGAL STANDARD

When a party objects to a magistrate judge's non-dispositive ruling, district courts employ a "clearly erroneous or . . . contrary to law" standard of review. FED. R. CIV. P. 72(a). Under this deferential standard, the court will affirm the ruling unless the court, exercising independent

judgment, "is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *accord Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988).

## ANALYSIS

### I. RELEVANCE

    *A.    Interrogatory No. 23 and RFP No. 24*

King alleges that Verizon discriminated against her due to her race when it fired her for two alleged infractions of its code of conduct. In order to prove her discrimination claims, King must show that Verizon's decision to fire her was motivated by discriminatory racial animus rather than her job performance or other race-neutral factors. Employers, of course, rarely admit that their employment decisions are influenced by racial animus. Accordingly, one common method of proving discriminatory animus is by showing that the employer treated the plaintiff differently than other similarly situated employees of a different race. *See Hiatt v. Colorado Seminary*, 858 F.3d 1307, 1318 (10th Cir. 2017).

In order to discover whether Verizon had treated her differently than similarly situated employees, King propounded Interrogatory No. 23 and RFP No. 24, which sought information regarding Verizon's discipline of employees that reported to King's supervisor between 2014 and 2018. The objective of these discovery requests was to learn whether other employees of a different race than King were punished as harshly for similar conduct. Verizon provided only a partial response to Interrogatory No. 23 and refused to provide any documents in response to RFP 24. Accordingly, King moved to compel Verizon to provide a complete response to these written discovery requests. Verizon conceded that these discovery requests were not disproportionate to

the needs of the case. Instead, Verizon opposed the motion to compel exclusively on the grounds that the discovery requests were not relevant to King's claims.

The magistrate judge agreed that Interrogatory No. 23 and RFP No. 24 were not relevant and denied the motion to compel. In so ruling, he relied on two opinions in which the Tenth Circuit reviewed a district court's decision to grant summary judgment in favor of an employer in a Title VII action: *McGowan v. City of Eufala*, 472 F.3d 736 (10th Cir. 2006) and *Aramburu v. Boeing Co.*, 112 F.3d 1398 (10th Cir. 1997). In these cases, the Tenth Circuit held that in order to show that coworkers of a different race were treated differently, the plaintiff must demonstrate that the coworkers were "similarly situated to [the plaintiff] in all relevant respects." *McGowan*, 472 F.3d at 745. "Similarly situated employees are those who deal with the same supervisor and are subject to the same standards governing performance evaluation and discipline." *Id.* (quoting *Aramburu*, 112 F.3d at 1404). "In determining whether two employees are similarly situated, a 'court should also compare the relevant employment circumstances, such as work history and company policies, applicable to the plaintiff and the intended comparable employees.'" *Id.* (quoting *Aramburu*, 112 F.3d at 1404). From these precedents, the magistrate judge reasoned that King's discovery requests were not relevant to her claims:

> Importantly, Ms. King fails to show that the discovery requests at issue were limited in any other fashion to ensure that they sought information for only similarly situated employees. Specifically, Ms. King fails to demonstrate that the employees for whom she seeks discipline information were subject to the same standards governing performance evaluation and discipline as Ms. King, had similar work histories to Ms. King, had the same company policies applied to them that Ms. King did, or were disciplined for conduct of comparable seriousness to Ms. King's conduct. . . . Consequently, Ms. King fails to establish that the discovery requests seek information about employees who are similarly situated "in all relevant respects." Therefore, the information sought by Interrogatory No. 23 and RFP Nos. 24-25 is not relevant to the

5

> claims and defenses in this case, and as a result, Verizon is not required to provide any further responses to those discovery requests.

ECF No. 115 at 10–11 (footnotes omitted).

Thus, the magistrate judge ruled that unless a plaintiff can show that *all* responsive information or documents relate to similarly situated employees under the standard applied to motions for summary judgment, the information sought by the discovery request is not relevant and the plaintiff is not entitled to discovery of *any* of the requested information or documents. In other words, unless the discovery request is narrowly tailored to include information related only to employees that are similarly situated in all relevant respects, the discovery request is irrelevant in its entirety. The court concludes that this reasoning is contrary to law.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." FED. R. CIV. P. 26(b)(1). Under this rule, "relevancy is to be construed broadly, and 'discovery should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party.'" *Herrod v. Metal Powder Prod., Inc.*, No. 1:07-cv-00023-TS, 2008 WL 2566945, at *2 (D. Utah June 26, 2008) (citation omitted) (rejecting an argument that a discovery request for incident reports was not specific enough); *accord*, 7 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 37.22[2][a] (3d ed. 2022) ("[T]he standard for determining whether information is relevant for purposes of pretrial discovery is substantially broader than the standard for relevance during trial.").

Notably, Rule 26(b)(1) permits discovery regarding any "matter" that is relevant to any party's claim or defense, as opposed to discovery of "material" or "documents" relevant to a claim or defense. Thus , the focus of a Rule 26(b)(1) relevancy inquiry is whether the subject matter of

the discovery request, in the abstract, is relevant to a claim or defense. Here, the matter that is the subject of Interrogatory No. 23 and RFP No. 24 is discipline records for employees that reported to King's immediate supervisor around the time of her termination. The subject matter of these discovery requests is relevant to King's discrimination and retaliation claims because the discipline records could reveal whether similarly situated coworkers were disciplined less harshly for violating work rules of comparable seriousness. *See McGowan*, 472 F.3d at 745; *see also Rains v. Westminster Coll.*, No. 2:20-cv-00520, 2022 WL 294827, at *2 (D. Utah Feb. 1, 2022) ("The personnel files of these allegedly similarly situated employees are relevant to [the plaintiff's] Title VII claim that she was subjected to disparate treatment on the basis of her gender and religion.").

The order denying the motion to compel Verizon to respond to Interrogatory No. 23 and RFP No. 24 applied the wrong legal standard because it focused on whether these discovery requests were narrowly tailored to produce only information or documents related to similarly situated coworkers. Under Rule 26(b)(1), the subject of a discovery request is irrelevant only if "'it is clear that the information sought can have no possible bearing' on the claim or defense of a party." *Herrod*, 2008 WL 2566945 at *2 (citation omitted). The standard employed by the magistrate judge turns this rule on its head by requiring the requesting party to prove that all of the responsive documents and information will be relevant. But this is not the test for relevance under Rule 26(b)(1).

Verizon also argues that that the court should deny King's motion to compel for an additional reason that the magistrate judge did not address in his order. In a single sentence, Verizon contends that this court should not order it to respond to Interrogatory No. 23 and RFP No. 24 because King filed her motion to compel after the discovery cutoff date. But Verizon did not notify King of its refusal to fully comply with these discovery requests until the last day of

discovery, making it impossible for King to comply with this deadline. Accordingly, the court rejects Verizon's timeliness argument.

In short, the court affirms King's objection to the magistrate judge's order denying the motion to compel responses to Interrogatory No. 23 and RFP No. 24. As described more fully in the Conclusion section below, the court orders Verizon to provide complete responses to these written discovery requests.

B.   RFP No. 25

In RFP No. 25, King asked Verizon to provide all discipline documents for two specific employees: Brown and Berg. The magistrate judge denied the motion to compel a response to this discovery request on relevance grounds. The court concludes that this ruling is neither clearly erroneous nor contrary to law.

"[G]enerally, to be similarly situated, the plaintiff and the comparator must 'share a supervisor or decision-maker.'" *Donez v. Leprino Foods, Inc.*, No. 21-1212, 2022 WL 500549, at *7 (10th Cir. Feb. 18, 2022) (quoting *Ibrahim v. All. for Sustainable Energy, LLC*, 994 F.3d 1193, 1196 (10th Cir. 2021). In her objection, King has not presented any evidence that Brown and Berg shared the same supervisor or decision-maker around the time of her termination. Given the caselaw holding that a coworker is similarly situated only if he or she reports to the same supervisor or was disciplined by the same decision-maker, the magistrate judge did not clearly err by ruling that RFP No. 25 sought irrelevant documents. Accordingly, the court overrules King's objection

to the portion of the magistrate judge's ruling denying the motion to compel a response to RFP No. 25.[1]

## II. Timeliness

The magistrate judge denied King's other discovery requests because they were untimely. The court concludes that this portion of the ruling was not clearly erroneous or contrary to law.

Although Verizon notified King on May 7, 2021 that it objected to RFP No. 13, King did not move to compel a response until May 6, 2022. Taking into account a three-month stay issued in this case, King waited nine months to move to compel a response to this request. Moreover, King filed the motion to compel two months after the close of discovery. Given this delay, the magistrate judge found that the motion to compel was untimely. *See Chrisman v. Bd. of Cnty. Commissioners of Oklahoma Cnty.*, No. CIV-17-1309-D, 2020 WL 7033965, at *5 (W.D. Okla. Nov. 30, 2020) ("Although Rule 37 does not specify a time limit, a party seeking to compel discovery must do so in a timely manner.").

King argues that this ruling was erroneous because she was attempting to conciliate the parties' dispute over RFP No. 13 during this nine-month period. King presented this same argument to the magistrate judge, who rejected it. Given the broad discretion afforded to determine the timeliness of a motion to compel, the court finds that the magistrate judge did not commit clear error when he determined that a nine-month conciliation period was excessive. *Cf.*, *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 682 (10th Cir. 2012) ("Ordinarily, . . . we defer to the discretion of the district court in deciding whether a motion is too tardy to be considered.").

---

[1] Of course, if either Brown or Berg reported to King's supervisor between 2014 and 2018, Verizon must turn over the requested documents pursuant to RFP No. 24.

King also moved to reopen discovery to take three additional depositions and to subpoena documents from a third party. In determining whether to grant a motion to reopen discovery, courts consider six factors:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). "Whether to extend or reopen discovery is committed to the sound discretion of the trial court . . . ." *Id.* Weighing these factors, the magistrate judge denied King's requests to reopen discovery.

King objects to this ruling, criticizing the relative weight given to these factors. But arguments that the magistrate judge should have come to a different conclusion are not sufficient to overturn the magistrate judge's ruling that the motions to reopen discovery were untimely. In order to overturn the ruling, the court must conclude that the magistrate judge clearly erred. Given the discretion afforded to the magistrate judge to make this judgment call, he did not commit clear error by determining that reopening discovery was not warranted here.

### III.     DEPOSITION OF A RULE 30(B)(6) REPRESENTATIVE

As previously discussed, Verizon must respond to Interrogatory No. 23 and turn over the documents requested in RFP No. 24. Due to this new discovery, the court, in a separate order, strikes Verizon's motion for summary judgment. Verizon may file a new motion for summary judgment after providing this discovery. Because of these changed circumstances, which the magistrate judge could not have considered when he ruled on King's motion to reopen, the court additionally orders that discovery be reopened to permit King to depose Verizon's Rule 30(b)(6)

representative.[2] First, because King will receive additional documents and information from Verizon, she is entitled to question Verizon's corporate representative regarding the new discovery. Second, the court's order striking Verizon's motion for summary judgment and permitting it to file a revised motion will already delay the proceedings in this case. Allowing additional time to permit a Rule 30(b)(6) deposition will not substantially exacerbate this delay or unduly burden Verizon. The court finds that these changed circumstances alter the calculus for evaluating King's request to reopen discovery to depose a corporate representative. *See Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987) (listing the considerations for reopening discovery and holding that trial court's resolution of a request to reopen is discretionary). Accordingly, the court orders that discovery be reopened to permit the deposition of Verizon's Rule 30(b)(6) representative.

## CONCLUSION AND ORDER

The court AFFIRMS King's objection to the portion of the magistrate judge's ruling denying the motion to compel responses to Interrogatory No. 23 and RFP No. 24. The court ORDERS Verizon to provide a complete response to Interrogatory No. 23 and to produce the documents requested by RFP No. 24 by March 7, 2023. A failure to comply with this order in a timely manner may result in sanctions under Rule 37(b) of the Federal Rules of Civil Procedure.

The court OVERRULES King's objection to the portion of the magistrate judge's ruling denying the motion to compel responses to RFP Nos. 13 and 25 and denying the motion to reopen discovery to conduct additional depositions and to subpoena documents.

---

[2] The court does not reopen discovery to conduct other depositions or to serve additional subpoenas.

The court further ORDERS that discovery be reopened to permit the deposition of Verizon's Rule 30(b)(6) representative. King shall have until March 14, 2023 to serve a notice of deposition. The parties shall have until April 25, 2023 to conduct the deposition of the designated representative.

DATED February 14, 2023.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge